# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Francisco Colon Soto,

Petitioner,

**MEMO ENDORSED**, last page.

vs                                                  Crim. No: 1:22-00467-ER

United States of America,

Respondent

_____/

## MOTION REQUESTING EARLY TERMINATION
## OF SUPERVISED RELEASE

**TO THE HONORABLE COURT:**

 *COMES NOW*, Francisco Colon Soto, hereinafter known as petitioner, respectfully moves this Honorable Court to grant the above "Motion for Early Termination" of his current supervise release in the Southern District of New York. In support thereof petitioner avers as follows:

1- On March 26, 2014, petitioner, pled guilty to Count 1 of the Indictment in Criminal Case No. 13-363, charging him with a violation of Title 21 U.S. Code, Sections 841(a)(1), 841(b)(1)(A)(ii), and 846, a class "A" felony. The petitioner accepted responsibility for his criminal conduct in a timely manner. The district court sentenced petitioner to served

1

one hundred-twenty (120) months of incarceration.

2- Petitioner started serving his supervised release term on February 2021 in the jurisdiction of Puerto Rico. (Criminal Case No: 3:13-cr-00363-DRD-2). On September 2, 2022, petitioner requested a "Transfer of Jurisdiction" to the Southern District of New York. The district court of Puerto Rico granted the requested transfer of jurisdiction on September 2, 2022. (See, **Exhibit 1**). The supervised term is currently being served in the jurisdiction of New York. (Case No: 1:22-00467-ER). Since then, petitioner has been serving his supervise release in the Southern District of New York. Petitioner current address is: 2544 Valentine Avenue, APT C52 Bronx, NY 10458.

3- At the time of his release, petitioner maintained and outstanding prison record for more the (8) years at while incarcerated. Since his release from prison, petitioner has succeeded in both, reintegrating to society, and complying with the Probation Office regulations for almost two and a half years. Also, petitioner has served two (2) years of his five (5) years of supervised release without any incident reports. The entire term of imprisonment, halfway house (nine (9) months), and current supervised release period, petitioner had a remarkable support from his family and has complied with all probation conditions currently in place. Also, petitioner is currently employed. His workplace is: Maraca Construction Corporations. Located at: 1930 Grand Concourse, Bronx, NY 10457. Employer's supervisor is Jesus Delgado. Phone is: (917)525-7180.

4- Furthermore, the early termination request follows all requirements of the supervised release period. During his incarceration, petitioner completed the five hundred (500) hours Residential Drug Abuse Program (RDAP) (18 USC § 3621). Also, after released,

petitioner completed the four hundred (400) hours of community service with Part of the Solutions (POTS) in the Bronx. The Probation Office could attest that petitioner had fully complied with all supervised release conditions and has not had any incident reports during the thirty (30) months petitioner has been in supervise release. For corroboration of the programs and employer's information see **Exhibit I**.

5- In addition, under 18 USC § 3583(e)(1), the court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) terminate the term of supervision for misdemeanor cases at any time and terms of supervised release or probation in felony cases after the expiration of one year of supervision if satisfied that such action is warranted by the conduct of an offender and is in the interest of justice.

6- Pristinely clear, as the law requires under any supervision, the appropriateness of early termination should be based on the offender's overall progress in meeting supervision objectives and should include an evaluation of all the circumstances in the individual case. Further, offenders with identified risks to community safety should not be recommended for early termination. Nonetheless, the failure to meet other criteria listed should not automatically exclude an offender from further consideration. See, 18 USC 3583(e) (1). Petitioner pre and/or post-conviction rehabilitation record has no identifiable safety factors or past violent behavior. Indisputably, the reintegration into the society and his work performance is outstanding.

7- Petitioner avers he is a fully rehabilitated person, one that for more than two (2) years under supervision has been a full-fledged citizen. Someone with a new horizon and a

strong ambition to be a successful individual complying with all the laws and regulations in the State of New York, federal governments, and has shown his family, the BOP, and this Honorable Court that he no longer needs any supervision to guarantee a full rehabilitation.

8- At the present time, petitioner has served almost two (2) years of his supervised release without no incident report. The entire term of imprisonment, and current supervised release period, petitioner have had a remarkable support from his family. His current probation officer is Matthew Omlor. Mr. Omlor is assigned to the United States Probation Office for the Southern District of New York. The office location is Daniel Patrick Moynihan US Courthouse 500 Pearl Street New York, NY 10007. His telephone is: (212)805-5184 Email: Matthew_Omlor@nysp.uscourts.gov

9- Title 18 USC § 3583(e)(1) states that, the court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) may terminate the term of supervision for misdemeanor cases at any time and terms of supervised release or probation in felony cases after the expiration of one year of supervision if satisfied that such action is warranted by the conduct of an offender and is in the interest of justice.

10- Petitioner's full compliance includes the following criteria spelled out in regulations managed by the United States Probation office that apply when reviewing an early termination of supervise release request. (See, **Chapter 1**: Probation and Supervised Release Conditions) Moreover, as the law requires, after eighteen (18) months of supervision, the appropriateness of early termination should be based on the offender's

overall progress in meeting supervision objectives and should include an evaluation of all the circumstances in the individual case.

11- Pristinely clear, offenders with identified risks to community safety should not be recommended for early termination. However, the failure to meet other criteria listed should not automatically exclude an offender from further consideration. See, 18 USC 3583(e) (1). More so, petitioner pre and/or post-conviction rehabilitation record has no identifiable safety factors or past violent behavior. Indisputably, the petitioner's reintegration into the society and his work performance has been outstanding.

12- Furthermore, there is a presumption in favor of recommending early termination for probation(s) and supervised releases for someone:

   (1) Who have been under supervision for at least 18 to 42 months; and

   (A) Are not career violent drug offenders, sex offenders, or terrorists;

   (B) Present no identified risk to the public or victims; and

   (C) Stay free from any moderate or high severity violations.

13- Petitioner recognizes that although the government might ascertain that the supervision is not of any adverse significance, it is respectfully submitted to this Honorable Court, the supervised conditions would be a great impediment taking into consideration the current economy and society conditions. Lastly, the government no longer can show any penological interest in petitioners' continued supervision.

15- In conclusion, after released in 2021, petitioner has drastically changed his life in a positive manner. Central to this life-change are: (i) a law-abiding citizen; and (ii) a focus

on fatherhood and family. Petitioner has two children. A boy thirteen years old and recently became a father of a ten (10) months old baby girl. Soon petitioner plans to relocate near his mother and family to the state of North Carolina. Petitioner has managed to balance his responsibilities as a law-abiding citizen, and family role model. Also, has proven to be someone with a new horizon and a strong ambition to be a successful individual. Lastly, the Probation Office and this Honorable Court no longer needs any supervision to guarantee a full required rehabilitation.

**WHEREFORE**, within the spirit and contents or rules 2 and 46 of the Federal Rules of Criminal Procedure and in the spirit and context of the factors set forth in 18 USC Section 3553 (a) as well as in the spirit and context of this Honorable Court's rationale and respect for the concept of rehabilitation contemplated and exercised in the re-sentencing process, grants this motion and terminate petitioner's term of supervised release in the interest of justice.

File on the 29 day of August 2023

Respectfully Submitted,

Francisco Colon Soto
Petitioner Pro Se

Upon review of the government's submission, the defendant's application for early termination of supervised release is DENIED.
SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: 9/15/2023
New York, New York

6